Morning, Your Honor. Steny Lessman for Mr. Earl Dix. Take whatever time you need to get all set up. Thank you, Your Honor. I'm ready, Your Honor. Okay. Your Honor, if I may proceed. In sum, we have basically three points that we had raised on appeal. One was pretty much relating to the sufficiency of the evidence of the original revocation. Unless I'm mistaken, I'm concluding and pretty much assuming that that issue has been pretty well covered in our briefs, unless the Court has any questions about that. I presume the major focus of this presentation to you today is regarding the lack of release that has occurred in this case. Well, as I understand it, and I don't mean to cut you off on your point, but it seems to me that the question is once the warden certified that your client was no longer in danger, that the statute required the district court to either conditionally release or hold a hearing and that neither of those things occurred. Yes, Your Honor, exactly. Isn't that what the case is all about? There may be more, but . . . Yes, sir. We had raised another evidentiary point on our first notice of appeal, and I was just addressing that and acknowledging if the Court has questions, please let me know. You can address whatever points you want. I just wanted to . . . Yes, sir. . . . at least focus on that one. Yes, sir. It is our submission argument to the Court that the statute under 4243 requires a due process step of shall release being automatic release upon certification, or if there is a question, so to speak, raised by the Court or by motion of the government, then a hearing shall be held to make a determination. We acknowledge at such a hearing if a question is raised, there is likely, based on case law and everything, a burden placed on Diggs to establish by clear and convincing evidence that under D that 4243 that the burden would be on us. And the reason for the Court and for the record, the reason why it would be clear and convincing instead of preponderance is because that the offense we stipulate was an offense involving a substantial risk of injury or damage. That's not in front of us. That's not in front of us. In other words, what the standard would be at a hearing or . . . I don't believe so, Judge Owen, and that's what I'm trying to communicate, that I believe everybody's been clear thus far that if there was such a hearing at such a hearing, the burden would be upon . . . You want to ask your man for a hearing. Well, not . . . we ask for this Court to order to reverse an order release, and the reason why is because the statute under the due process, and we've cited Foucha from the Supreme Court, which is the main case that we follow, in regards to the Supreme Court has stated once there is mental illness, there is no more mental illness or dangerousness, either or. You have to have both to keep him locked up. Once there's not either of those elements, he needs to be released. So the statutory scheme under 4243 we submit is not that there is an automatic hearing to review a finding, as Foucha in and of itself reviewing Louisiana law from back in 1970, there was an automatic hearing that shall be held. There is no mandatory hearing under 4243. So, therefore, the only reason that there triggers a hearing is if there is some sort of question. So what we submit is a clear reading and interpretation of the statute is once the warden certifies in accordance with the statute, 4243, that creates a presumption of automatic release. But the statute's worded in the alternative, as we all know. If somebody wants to raise a question. But otherwise the presumption carries through. So. Mr. Judge, that all sounds like that's right, but we ought to have a hearing because this man's potentially dangerous. Why don't the statute contemplate that? Well, if there was a question of dangerousness, but in this case. Are you saying that the judge could not have held a hearing? No, sir. I'm not saying that the judge could not have had a hearing. What I am saying is that there is nothing before that court, just like there's no evidence. Well, you were saying that you can't keep him from being released unless you have a. . . The judge can't just order him not released. He's going to have to have a hearing if he's going to. . . Yes. And then see if there's a basis for that. Yes, sir. That's our point exactly. So, Judge. . . What you needed is a hearing. Well, I'm sorry? I said what you need then is a hearing. We submit no. Well, the judge can decide whether there's a hearing. It's not for us to decide, is it? No. The judge can say, okay, I'm going to release or I'll have a hearing. But he's got to do one or the other. It's not for us to say, well, you must release or you must have a hearing, is it? I would submit no. I disagree. And the reason why we submit we disagree is because the court says shall release. Even the trial court's judgment of remand to the medical facility says shall be released. Order says the court shall order the discharge of the acquitted person or on the motion of the attorney for the government or on its own motion shall hold a hearing to determine whether he should be released. Correct. And the court never had its own motion. So back to my question then, what we should do, I take it what you would do, is that at the least we should order the judge to hold a hearing. He can't say no, you can't release the guy and not hold a hearing. He's got to either hold a hearing or release. But it's not up to us to say which, is it? Correct. We would submit the trial judge in this case has error. He's done neither. He has done neither, so he is error. So we've got to order him to do one or the other, right? And it's not up to us to decide which. We submit that you can order which. If this court does remand for a hearing, we would submit the evidence before this court based on the letter ruling from the trial judge and the language therein. This trial judge has already made his mind up without holding a hearing or looking at the evidence. And so if this court determines to remand for a hearing. That can be changed. Okay. That would be a good consideration for the court. That's what he wants to do, but that's always subject to appellate review, and the trial judge understands that. The big question that we have here, and I think the thing that we bring that's the error before the court, that this court is in a position under FAUTA to remedy, is the fact that this certification was from April of 2015. As of April 2015, there was a due process where Mr. Dix was entitled to be released unless there was some question raised by the judge or by the government, which then triggers a hearing. And the trial judge, based off his own ruling, disagreed with the report based on evidence that's not anything really to be determined. There was no evidence there for the court to review. The court in and of himself saying, based on the nature of the offense from 13, 12, 12, 13 years before, I feel like I can't do this. Surely a trial judge is not bound to not hold a hearing just because the experts say that he's entitled to. If he's concerned about it, he can order a hearing so that he'll have the opportunity to hear the actual testimony and to ask some questions about the basis for the opinion and so forth. So I think the question ultimately for this court is, is there going to be at that, if the court were to remand for a hearing, is that hearing just a matter of futility as far as being moot? Because at that point in time, is there going to be any contravening evidence? As we briefed, we would basically request the court for judicial recognition of the report from the warden. You're saying the government's not allowed to controvert that? I'm not saying the government isn't allowed. We're not a fact-finding body. But if there is not going to be any. How do we know if the government hasn't had an opportunity to counter the report, has it? There's been no hearings. No, but based on the arguments that have been presented in the briefing thus far, I speculate that there isn't going to be. Speculate. That's a good point. That's a good word. I understand, Judge. But the concern here that I raise to the court is the fact that we've already been 14, 15 months since this finding was for a hearing to be held. And if there is a hearing and we have a trial judge that, again, does not follow and we have to go through another appeal, you're talking about a man being locked up in a mental facility that Foucha clearly says not even for a criminal who is being locked up to be moved over to a psych ward, they still have an extra interest of liberty. So it's the due process and the interest of liberty here that we have on behalf of Mr. Diggs. Well, the trial judge has been monitoring this case for 13 years. So he has a base. He may in his own mind have some basis for what he wants to do. I'm not suggesting. So what statute contemplates and it says the judge on his own motion can do that. I think that follows that we can order that too. I do not disagree that this court can order a hearing and remand for a hearing. I do not dispute that at all. I just submit to the court that that's not required upon this court. And I think Foucha lays that out in regards to the due process considerations of Mr. Diggs' liberty. This court based on the record can make a determination if there is any contestation by the government to conditional release. Mr. Diggs is not asking for unconditional release. Mr. Diggs is solely pursuing conditional release that has been found in accordance with the statute by the warden and certified and also the probation department there has approved per the report. So, therefore, and I submit to you, Judge Higginbotham, that the court supervising for 13 years, that supervision would have primarily been done by the probation department. I understand that, but he's not a stranger to this situation. Yes, sir. All right. You've saved time for rebuttal, Mr. Lesser. Thank you, Your Honor. Okay. Good morning. May it please the court. As our brief states from the beginning, we have suggested that this case needs to be remanded for a hearing. We believe that in these circumstances, the district court is the court that's empowered to rule on this issue. I will point out to the court that we have discussed this with our office. We do not have any evidence to controvert the certification by the warden, and we don't intend to oppose a conditional release of Mr. Diggs should the district court rule that that's appropriate. The district court wrote a letter to the warden stating that the court had made the determination that he wouldn't be responsible for this man being released, and we had never been served at the very beginning by the warden with the information that was provided to the judge. So when we filed our brief, we looked at it and said, absolutely, we believe the statute requires a hearing. The main concern the government has is that this defendant should not be released without appropriate conditions of supervision, and that is what the warden's certification sets forth in terms of supervision. He was on supervision before he went off his medication and had successfully completed that for a number of years, and so our whole opposition to immediate release was centered on the idea that any release would have to be accompanied by an order for the setting of appropriate conditions for his monitoring and for the safety of the public because he does have a significant background. He placed a pipe bomb. Beg your pardon? I would think that those kinds of conditions ought not to be imposed without a hearing. Absolutely. One of the things the hearing will do will be able to flush out and get the detail about what ought to be done. I believe there is a requirement that those conditions be set forth on the record and that the defendant would be given an opportunity to object. So at this point, I think that to some extent, appellant's counsel and the government are aligned on the idea that Mr. Dix should be granted a hearing, and for whatever reason at this point the judge has decided not to do so up until now, and it would be appropriate in our mind that a hearing be ordered by this court to determine whether and under what conditions Mr. Dix should be released. That's the whole case, right? Yes, Your Honor. I believe it is. Thank you, Mr. Gay. Thank you. Mr. Westman, anything in response? So if I may, what I submit under FAUCIA, this court can do. Now on the record here, there is a stipulation that there is no challenge from the government to the conditions of release. Dix has no objection to the conditions as laid out in the plan of release approved by the Probation Department and the Federal Medical Facility. In fact, the medical report states and acknowledges that they've gone over all those with Mr. Dix, and he understands the nature of those conditions and what would happen should he violate. So we submit that the record before this court now is the court has two options under FAUCIA. Clearly the court has the authority and the power to remand and order a hearing, one. We would submit that this court has the, well, three actually. This court has the authority, because of the due process consideration, to actually render, should the court want to, or the court can remand and direct the district court to order release. And that is based off FAUCIA, which I know all y'all have. So that's my position. All right, thank you. Thank you, Your Honor. And your case is under submission, and we notice that you're court-appointed, and wish to thank you for your willingness to take the appointment and for your good advocacy on behalf of your client.